IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROY G.  BERRY                                                          PLAINTIFF

V.                                        NO.  4:06cv00427 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                            DEFENDANT


MEMORANDUM OPINION AND ORDER

Plaintiff, Roy G. Berry, appeals from the Commissioner's final denial of his claims

for disability insurance benefits and supplemental security income benefits.  The standard

of review is to determine whether the findings of fact are supported by substantial evidence

in the record as a whole and whether the Commissioner's decision is free of legal error.

42 U.S.C. § 405(g); *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003); *Long v. Chater*,

108 F.3d 185, 187 (8th  Cir. 1997).  Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v.

Perales*, 402 U.S. 389, 401 (1971).  If it is possible to draw two inconsistent conclusions

from the evidence and one of these conclusions represents the Commissioner's findings,

the Commissioner's decision must be affirmed.  *Baldwin*, 349 F.3d at 555.

Plaintiff was forty-six years old at the time of the hearing, has a General Equivalency

Diploma and past relevant work experience as a poultry processor, tire mounter/balancer

and cook.  His application alleged disability due to carpal tunnel syndrome, tendonitis,

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12,
2007.  He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

shortness of breath and migraine headaches, with a disability onset date of March 10, 2003.

An Administrative Law Judge (ALJ) conducted a hearing on February 16, 2005. Using the five step evaluation process required by Social Security Regulations,[2] he issued a decision on May 24, 2005, finding that Plaintiff was not disabled.  At steps one and two, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that he suffered from "severe" impairments within the meaning of the regulations,[3] finding that Plaintiff had "bilateral carpal tunnel syndrome, migraine headaches, and 'possible' early obstructive pulmonary disease, a 'mild' degree of airway disease and /or the 'earliest' stages of emphysema."[4]  At step three, the ALJ found there was no impairment or combination of impairments that met or equaled the level of severity for any impairment listed in Appendix I to Subpart P, Regulations No. 4 (the listings).  At step four, he made a credibility analysis, finding that Plaintiff's complaints were not credible to the extent alleged.  The ALJ reviewed the relevant medical and other evidence and concluded that Plaintiff had the residual functional capacity (RFC) for a wide range of light work activity, which would involve:

> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying
> of objects weighing up to 10 pounds; standing and/or walking with normal

---

[2]  *See* 20 C.F.R. § 404.1520, § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

[3]  To qualify as severe, an impairment must "significantly limit [a claimant's] physical or mental ability to do basic work activities," which are "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521, 416.921. The sequential evaluation process can be terminated at step two only where there is "no more than a minimal" impact on the ability to work. *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001).

[4]  Tr. 10.

breaks for a total of 6 hours in an 8-hour workday; and sitting with normal breaks for a total of about 6 hours in an 8-hour workday (SSR 96-8p). In addition, should avoid rapid/repetitive use of both hands and should avoid concentrated exposure to fumes, odors, dust, gases and poor ventilation. (Tr. 14.)

The ALJ found that Plaintiff was unable to perform his past relevant work. At step five, he properly acknowledged that the burden shifted to the Commissioner to establish the existence of significant numbers of jobs in the national, regional or local economy that Plaintiff could perform, considering his age, education, past work experience and RFC. Based on the testimony of a vocational expert, the ALJ found that a significant number of such jobs did exist, such as counter clerk and bakery worker. He therefore concluded that Plaintiff was not disabled.

Under the general heading that the decision was not supported by substantial evidence, Plaintiff raises two areas of argument. The first bears a heading stating that he has carried his burden of proof as to meeting a listing,[5] but argues generally that the ALJ erred, raising other points. The second area is an attack on the ALJ's credibility findings.[6]

Listings

As stated above, the heading of this argument indicates Plaintiff is arguing that the ALJ erred in not finding that Plaintiff had an impairment or combination of impairments that meet or equal a listing. However, the brief does not further mention a specific listing, or even the listings in general. There is no argument whatever underlying any contention that Plaintiff meets a specific listing. This is not sufficient to raise the point. It would be

---

[5] Pl.'s Br. 4.

[6] Pl.'s Br. 5.

incumbent upon Plaintiff to specifically state which listing he argues he meets and to support his position with argument and references to the record.  Many courts treat such a failure to cite to the record in support of an argument as waiver of the argument.  *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied*, 494 U.S. 1082 (1992)(citations omitted); *accord*, *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); *Hartmann v. Prudential Ins. Co. of America*, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); *Leer v. Murphy*, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).  The Court holds that Plaintiff has not sufficiently raised the point.

Plaintiff does argue that the record of the Vocational Expert's (VE) testimony is replete with error and cannot be determined from the transcript.  He suggests that the case should be remanded for clarification of the record.  Plaintiff does not state specifically what error he refers to, but is correct that crucial points of the testimony cannot be discerned from the transcript.  However, the ALJ specifically recounts the VE's testimony in his decision, setting out the specifics of the hypothetical posed and recounting the VE's testimony that Plaintiff was unable to perform past relevant work, but that there were other jobs he could perform.[7]  Plaintiff's counsel, who was present at the hearing, does not

---

[7]  Tr. 14 -15.

dispute the ALJ's rendition of the VE testimony.  Under the circumstances, the Court is comfortable that the ALJ accurately described the hypothetical and the VE's responses. The inadequacy of the transcript would not be a valid reason, in itself, to remand the case.

Plaintiff also argues that given his restricted activities and health problems, he would be unable to meet the challenges of the workplace.  He says the ALJ failed to consider that his ailments would be exacerbated by having to work day to day.  He cites *Thomas v. Sullivan*, 876 F.2d 666 (8th Cir. 1989) for the proposition that a claimant capable of performing sedentary or light work under the guidelines must have the ability to perform the required physical acts day in and day out in the sometimes competitive and stressful conditions in which real people work in the real world.  While Plaintiff correctly states the principle, it does not follow that a finding of "disabled" is thus mandated in this case.  The ALJ considered the medical evidence along with Plaintiff's testimony, which he discounted to some extent, in reaching his conclusion that Plaintiff was unable to perform his past relevant work, but retained the ability to perform a wide range of light work.  He placed restrictions on lifting and carrying and also found that Plaintiff should not work in jobs where he would be exposed to pulmonary irritants or where he would be required to engage in repetitive or rapid use of his hands.  By following the five step process in making his analysis, the ALJ impliedly reached the conclusion that Plaintiff could perform limited job requirements on a day-to-day basis in the workplace.  That conclusion is supported by the evidence of record.

Assuming that the ALJ'S credibility analysis was sound, which is discussed below, there is substantial evidence to support the ALJ's conclusions.  As to pulmonary problems, Plaintiff has been diagnosed only with a mild degree of small airway disease and/or the

earliest stages of emphysema which "may be reversible."[8]  The restriction to jobs not involving exposure to environmental hazards adequately takes this condition into account. Further, Plaintiff has continued to smoke, despite doctors' advice that he stop.  Treating the pulmonary problems by cessation of smoking would obviously be of benefit.  A condition that can be controlled by treatment or medication cannot be considered disabling. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004).  Also, the ALJ properly took Plaintiff's wrist condition into account by restricting him to jobs that would not require frequent or repetitive use of his hands.  Although Plaintiff complained of wrist pain, there was no follow-up testing to establish that he suffered from carpal tunnel syndrome.  The medical records show a visit for tendonitis and wrist pain, with suspected carpal tunnel syndrome in 2000, well before the alleged onset date, and at a time when Plaintiff was engaged in the type work he has now been found unable to perform.[9]  Later medical records show problems in June, July and September 2002, again before the alleged onset date, when Plaintiff was prescribed wrist splints.  There is no indication that he was ever referred for surgical treatment of the problem.[10]  The sole entry relating to hand or wrist pain subsequent to that time period, is dated August 2003, when he was diagnosed with a wasp sting.[11]  Thus, evidence of record supports the ALJ's assessment of this condition. Likewise, the evidence relating to headaches dates from 2001 and 2002.[12]

---

[8]  Tr. 115, 131, 174 -175.

[9]  Tr. 95-96.

[10]  Tr. 102 - 103, 128, 176.

[11]  Tr. 160-166.

[12]  Tr. 112, 178.

In summary, assuming that the ALJ's credibility assessment withstands challenge, Plaintiff has raised no arguments in the initial section of his brief that would justify reversal or remand.

<u>Credibility Assessment</u>

Plaintiff raises two points for his argument that the ALJ's credibility analysis was not sufficient.  First, he says the ALJ mischaracterized his testimony as to hobbies and second, that because he lacked funds and medical insurance, the ALJ improperly emphasized his failure to seek more frequent and aggressive medical treatment for his alleged conditions.

The ALJ is in the best position to gauge credibility and is granted deference in that regard.  *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  Nevertheless, before discounting a claimant's subjective complaints, the ALJ must acknowledge and consider the following factors: (1) the objective medical evidence; (2) the claimant's prior work record; (3) the claimant's daily activities; (4) the duration, frequency and intensity of pain; (5) the dosage, effectiveness and side effects of medication; (6) precipitating and aggravating factors; and (7) functional restrictions.  *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).  Subjective complaints may be discounted if there are inconsistencies in the record as a whole, but the ALJ must give reasons for discrediting the claimant.  *Id.*

Plaintiff is correct that the ALJ inaccurately recounted his testimony regarding hobbies.  Plaintiff did not say he painted cars.  He said he could no longer build model cars.  Contrary to the ALJ's assertion that Plaintiff testified he played guitar as a hobby, Plaintiff actually testified that he was unable to play because he was unable to split his fingers around the guitar neck to make chords.  Additionally, the lack of medical evidence

7

could be due to lack of funds, a factor which the ALJ did not mention.  However, there is

no evidence in the record that Plaintiff attempted to obtain free or reduced cost medical

care because of his financial circumstances, and he has been able to somehow continue

to buy cigarettes.  However, looking at the decision and the evidence in its entirety, it is

clear that the main basis for the ALJ's credibility findings was the discrepancy between the

objective medical evidence and Plaintiff's testimony that his abilities were extremely limited.

The ALJ's credibility analysis causes some question, but he did extensively discuss

the medical evidence, the fact that Plaintiff takes only ibuprofen for pain and the lack of its

side effects.  He also mentioned the fact that Plaintiff has continued to smoke in spite of

doctors' advice that he cease.  In assessing credibility, an ALJ may properly consider the

claimant's noncompliance with a treating physician's directions, including the failure to quit

smoking.  *See, Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006).  This failure is an

indication that Plaintiff's respiratory problems were not so severe as to be disabling.

It is important to recognize that the ALJ did not find Plaintiff free of pain and

limitations.  He did accept Plaintiff's complaints for the most part in limiting him to light

work, without exposure  to environmental irritants and in limiting him to work which would

not entail repetitive or frequent use of the hands.  Plaintiff's testimony was that he was

restricted to the point that he could do virtually nothing.  It is this assertion only that the ALJ

rejected.  The jobs which the ALJ found to exist that could be performed by Plaintiff

certainly take into account the limitations he did find to exist.  A claimant need not be pain

free in order to be found able to work. The real issue is whether Plaintiff's conditions

produce sufficient pain and functional restrictions to prevent him from performing any kind

of work.  *See Gregg v. Barnhart*, 354 F.3d 710, 713-14 (8th Cir. 2004) (crucial question is

not whether claimant experiences pain, but whether claimant's credible, subjective complaints prevent him from performing any type of work); *Anderson v. Barnhart*, 344 F.3d 809, 811-15 (8th Cir. 2003) (affirming ALJ's conclusion that claimant suffering from severe degenerative disc disease retained the RFC to perform light and sedentary work).   Under the circumstances of this case, the Court is unable to say that the ALJ's credibility determination, which did credit Plaintiff's complaints to a significant degree, lacks a substantial basis in the evidence.

<u>Conclusion</u>

The final decision of the Commissioner is supported by substantial evidence and this case is dismissed with prejudice.

IT IS SO ORDERED this 1st day of June, 2007.


UNITED STATES MAGISTRATE JUDGE